UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTINA LANGHORNE,

                              Plaintiff,

                -vs-                                           13-CV-231C

TAKHAR COLLECTION SERVICES, LTD.,
FINANCIAL DEBT RECOVERY LIMITED,
F.D.R. CREDIT RECOVERY LTD,
HARDIAL S. TAKHAR,
SUKCHARN S/ TAKHAR, and
DOE,

                              Defendants.

_____


        This is an action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §

1692 *et seq.* ("FDCPA").  It is currently before the court on the motion to vacate the

clerk's entry of default by defendants Financial Debt Recovery Limited ("Financial

Debt") and F.D.R. Credit Recovery Ltd ("FDR").  Item 19.


                        **BACKGROUND and FACTS**

        Plaintiff commenced this action with the filing of a complaint on February 28,

2013, naming Takhar Collection Services, LTD ("Takhar") and five unnamed "Doe"

defendants.  Item 1.  On August 28, 2013, plaintiff filed an amended complaint, adding

Financial Debt, FDR, DOE, and the individual Takhar defendants.  Item 9.  Financial

Debt is alleged to be a company with its principal place of business in Ontario, Canada,

which operates in the United States as FDR.  *Id.,* ¶ 3.  Plaintiff alleged that Financial

Debt acquired Takhar and "expressly assumed responsibility" for Takhar's operations and liabilities.  *Id.*  The summons was served on FDR through the New York Department of State on September 26, 2013. Item 14.

David M. Schultz is an attorney from Illinois who represents the defendants in this and several other lawsuits.[1]  On October 3, 2013, Mr. Schultz contacted plaintiff's counsel to inform him that his clients were wrongfully sued.  He then sent plaintiff's counsel a letter dated October 14, 2013, seeking withdrawal of the complaint.  Item 19-5, ¶¶ 3-4; Item 19-6.

On October 18, 2013, plaintiff sought a clerk's entry of default as against FDR. Item 15.  The default was entered on October 23, 2013.  Item 16.  The court notes that the entry of default was mailed to FDR and was returned as undeliverable on November 8, 2013.

On November 12, 2013, Attorney Edward S. Bloomberg filed a notice of appearance on behalf of both Financial Debt and FDR (hereafter "defendants"). Item 17.  At that time, the defendants filed the motion to vacate the clerk's entry of default. Item 19.  Plaintiff filed a response to the motion on November 27, 2013 (Item 20), and defendants filed a reply on December 4, 2013.  Item 22.

In support of the motion, defendants have submitted a declaration of Nicholas Papeo, the Chief Executive Officer of Financial Debt and a Director of FDR.  Mr. Papeo stated that a Canadian company, 2070708 Ontario, owns the common stock of Takhar

---

[1]  This is one of nine suits brought by different plaintiffs against the same defendants.  Default was entered in all nine cases and identical motions to vacate have been filed in all nine cases.

and that neither Financial Debt nor FDR ever purchased or owned any of Takhar's

stock or assets.  Likewise, they neither assumed nor guaranteed Takhar's liabilities.

Item 19-8.

The court has determined that oral argument is unnecessary.  For the reasons

that follow, the motion to vacate the clerk's entry of default is granted.


**DISCUSSION**

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party

against whom a judgment ... is sought has failed to plead or otherwise defend, and that

failure is shown by affidavit or otherwise, the clerk must enter the party's default."

Fed.R.Civ.P. 55(a).  Rule 55(c) provides that "[t]he court may set aside an entry of

default for good cause, and it may set aside a default judgment under Rule 60(b)."

Fed.R.Civ.P. 55(c).  The factors used by courts to decide whether to set aside a default

or a default judgment are the same, but "courts apply the factors more rigorously in the

case of a default judgment ... because the concepts of finality and litigation repose are

more deeply implicated in the latter action."  *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90,

96 (2d Cir. 1993).

The determination of whether to set aside a default is left to the "sound discretion

of the judge, the person most familiar with the circumstances of the given case and ... in

the best position to evaluate the good faith and credibility of the parties."  *Action S.A. v.

Marc Rich & Co.*, 951 F.2d 504, 507 (2d Cir. 1991) (citations and quotation marks

omitted).  Because Rule 55(c) does not define the term "good cause," the Second

3

Circuit has established three criteria that district courts must assess in deciding whether to relieve a party from a default: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented.  *Enron Oil Corp.,* 10 F.3d at 96.  These criteria must be applied in light of the Second Circuit's "strong preference for resolving disputes on the merits."  *Brien v. Kullman Indus., Inc.*, 71 F.3d 1073, 1077 (2d Cir. 1995); *accord Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981) ("Defaults are not favored ... and doubts are to be resolved in favor of a trial on the merits.") (citations omitted).

The Second Circuit has interpreted "willfulness" in the context of a default to refer to conduct that is "more than merely negligent or careless."  *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998).  Here, it cannot be said that defendants' default was willful.  Defense counsel had contacted plaintiff's counsel in an attempt to have the suit withdrawn, asserting a defense to liability.  Plaintiff's counsel rebuffed those efforts and could have easily informed defense counsel that he intended to seek entry of default if the defendants did not answer the complaint.  Instead, on the day after the answer was due, plaintiff's counsel sought the entry of default.  Thereafter, defense counsel promptly moved to vacate the default and defend on the merits.  While plaintiff was within her rights to seek entry of default, this is not a case in which the complaint languished unanswered for an extended period of time.

On the issue of prejudice, the Second Circuit has held that "[d]elay alone is not a sufficient basis for establishing prejudice."  *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983) (citations omitted). "Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for

fraud and collusion." *Id.* (citation omitted).  Here, the only articulated prejudice is the fact that plaintiff's counsel had already begun drafting a motion for default judgment. This is not the type of prejudice contemplated by the Second Circuit that would weigh in favor of default.  Additionally, discovery has not yet begun and less than three weeks elapsed between the entry of default and the motion to vacate. *See, e.g., Mathon v. Marine Midland Bank, N.A.,* 875 F.Supp. 986, 993 (E.D.N.Y. 1995) (no prejudice found where some defendants had only recently accepted service and discovery had not yet commenced).

Finally, on the question of a meritorious defense, the defendant "need not conclusively establish the validity of the defense(s) asserted," *Davis*, 713 F.2d at 916, but need only present evidence of facts that, "if proven at trial, would constitute a complete defense."  *Enron Oil Corp.*, 10 F.3d at 98 (citations omitted). "Though a defendant need not conclusively establish the validity of the defense asserted, [he] must, nonetheless, articulate a defense with a degree of specificity which directly relates that defense to the allegations set forth in the plaintiff's pleadings and raises a 'serious question' as to the validity of those allegations."  *DeCurtis v. Upward Bound Int'l, Inc.,* 2012 WL 4561127, at *8 (S.D.N.Y. Sept. 27, 2012), *aff'd,* 528 Fed. App'x 85 (2d Cir. 2013) (citing *Salomon v. 1498 Third Realty Corp.*, 148 F.R.D. 127, 130 (S.D.N.Y. 1993)).  Defendants contend that they do not own the assets nor have they assumed the liabilities of Takhar, the entity which allegedly violated the FDCPA.  In response, plaintiff argues that in June 2013, Financial Debt's Chief Operating Officer contacted plaintiff's counsel and indicated that it had retained a "business consultant" to

"assist in the identification and resolution of" the Takhar matters.  Item 20-1.  Plaintiff's counsel further stated that he had settlement discussions with the business consultant which culminated in a settlement offer that was rejected.  Item 21, ¶ 3.  Additionally, the business consultant told plaintiff's counsel that FDR had purchased Takhar through an intermediary company which had no assets.  *Id.*  Even crediting plaintiff's argument, Mr. Papeo's averments raise a serious question as to the validity of plaintiff's claims.

The court concludes that all relevant factors weigh strongly in favor of vacatur. Given the Second Circuit's preference for resolving disputes on the merits, the defendants' motion to vacate the clerk's entry of default is granted.

## CONCLUSION

The defendants' motion to vacate the clerk's entry of default (Item 19) is granted. The court has been informed that the plaintiff and defendants Financial Debt and FDR have reached a settlement.  Item 23.  The parties are forthwith directed to file a stipulation of dismissal in accordance with the Federal Rules of Civil Procedure.

So ordered.


___\s\ John T. Curtin_____
JOHN T. CURTIN
United States District Judge

Dated:   January 15          2014
p:\pending\13-231.dec18.2013

6